**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl J Cunningham,<br><br>          Petitioner,<br><br>v.<br><br>David Shinn,<br><br>          Respondent. | No. CV-21-08141-PCT-GMS<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") (Doc. 10) of United States Magistrate Judge Michael T. Morrissey, which recommends that Petitioner Karl J. Cunningham's ("Petitioner") Petition for Writ of Habeas Corpus (Doc. 1) be dismissed with prejudice. Petitioner objected to the R&R, and Respondent David Shinn responded (Docs. 11, 12). Petitioner filed a sur-reply, which Respondent moved to strike. (Docs. 13, 14.) For the reasons stated below, the Court adopts the R&R, dismisses the petition with prejudice, and denies the Motion to Strike as moot.

## BACKGROUND

In 1992, Petitioner pleaded guilty to first degree murder, second degree burglary, forgery, and escape following a break-in of a residence. He was sentenced to consecutive and concurrent sentences of life in prison plus fourteen years' imprisonment. Because no party objected to the factual and procedural background set forth in the R&R, the Court adopts the background as an accurate account.

Petitioner asserts three grounds for relief in his Petition for Writ of Habeas Corpus: (1) ineffective assistance of counsel at the plea offer stage in violation of the Fifth and Sixth Amendments; (2) the prosecution allegedly unconstitutionally coerced Petitioner into pleading guilty; and (3) a Fifth Amendment Due Process violation because of the Judge's alleged failure to notify petitioner that he did not face the death penalty at his plea hearing. (Doc. 1.) The Magistrate Judge recommended that all three grounds be dismissed with prejudice.

## DISCUSSION

### I. Legal Standard

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas*, 474 U.S. at 149.

### II. Petitioner's Objections

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this case because Petitioner's federal habeas petition was filed after the AEDPA's effective date. The "AEDPA imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners in federal court." *Jenkins v. Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003); 28 U.S.C. § 2244(d)(1). The limitation period begins to run when the state conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For petitioners whose convictions became final prior to AEDPA's enactment, the statute of limitations began running the day after

AEDPA's effective date (April 24, 1996), and expired one year later, on April 24, 1997. *Bryant v. Ariz. Atty. Gen.*, 499 F.3d 1056, 1058 (9th Cir. 2007). Therefore, to preserve his federal habeas rights, such a petitioner must have filed his habeas petition by April 24, 1997, or otherwise demonstrate that the statute of limitations has been tolled.

Here, Petitioner's conviction became final on January 7, 1994, which means the limitations period expired on April 24, 1997. Petitioner filed his petition on June 21, 2021—over twenty years after the limitations period expired. To preserve his claim, Petitioner must show that the statute of limitations was tolled for that time period. The Magistrate Judge found, and this Court agrees, that he cannot make such a showing.

In his objections to the R&R, Petitioner raises three arguments as to why the petition should not be dismissed: (1) a lack of access to legal assistance and materials; (2) the holding in *Martinez v. Ryan*; and (3) the general merits of his case. The Magistrate Judge considered each of these arguments in the R&R, and the Court briefly addresses why the objections do not change the outcome.

**A. Lack of Access to Legal Materials**

Petitioner's primary objection to the R&R is that the State of Arizona impeded his timely filing because he did not have access to case reporters or other legal materials while incarcerated. Because this objection does not meet the requirements for statutory or equitable tolling, the claim is barred.

First, this argument is insufficient to support statutory tolling in Petitioner's case because he does not allege that he did not have access to AEDPA or its text for the entire period he seeks to toll. Statutory tolling is available under 28 U.S.C. § 2244(d)(1)(B) if Petitioner can establish "a causal connection between [an]unlawful impediment and his failure to file a timely habeas petition." *Bryant*, 499 F.3d at 1059-60. As the R&R notes, "[i]n certain circumstances, a prison library lacking AEDPA's text and related resources may give rise to an 'impediment' finding under § 2244(d)(1)(B)." (Doc. 10 (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000))).

While Petitioner's objections further explain the materials that he alleges that

Arizona state prisoners are not provided, they do not establish that the lack of resources actually prevented him from filing a federal habeas petition for over twenty years. Petitioner continues to emphasize that he does not have access to case law or trained legal staff; however, he has received access to at least some rules of criminal procedure, state PCR forms, habeas forms, and court rules. Notably, the federal habeas form, which Petitioner confirms that he had access to, includes the one-year statute of limitations for federal habeas claims. (*See* Doc. 1 at 17.) Additionally, Petitioner sought state relief repeatedly over the course of twenty years. He does not explain why a lack of resources prevented him from filing a federal habeas claim while still allowing him to file multiple claims for state post-conviction relief. Thus, "[b]ecause [Petitioner] has not demonstrated a causal connection between the unavailability of case law in the prison library and the untimeliness of his habeas petition, he is not entitled to statutory tolling." *Bryant*, 499 F.3d at 1060.

Second, Petitioner does not meet the requirements for equitable tolling. Equitable tolling applies if a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented untimely filing." *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) (internal quotation marks omitted). The extraordinary circumstance at issue must "make it *impossible* to file a petition on time" and must be "the *cause* of the prisoner's untimeliness." *Id.* at 1237. Having failed to show the requirements for statutory tolling, Petitioner also fails to meet the equitable tolling causation requirement. Petitioner alleges that despite Arizona's requirement that petitioners cite case law, Arizona prisons typically deny inmates access to case reporters. While an inability to access case law may have inhibited Petitioner from properly filing for state post-conviction relief, he does not explain how a lack of case law made it impossible to file a federal habeas petition during the applicable limitations period. It is not clear that a lack of resources made it impossible for Petitioner to file for federal relief within the limitations period, especially in light of the fact that Petitioner attests that he has access to federal habeas forms. Thus, the Court agrees with the Magistrate Judge's

determination that equitable tolling does not apply.

### B. Petitioner's Remaining Objections

The Petitioner's remaining objections, as the Magistrate Judge addressed, cannot toll the statute of limitations because they have no bearing on the statutory or equitable tolling requirements.

*Martinez v. Ryan* does not establish that Petitioner's ineffective assistance of counsel claim can toll AEDPA's statute of limitations. *Martinez* addresses whether "inadequate assistance of counsel in state collateral proceedings may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel." *Aviles v. Ryan*, No. CV-16-1863, 2018 WL 4184849, at *3 (D. Ariz. Aug. 31, 2018). Here, the relevant issue is only whether Petitioner timely sought relief under AEDPA. Thus, *Martinez* is inapplicable.

Lastly, Petitioner argues that he has shown that his case has merit so the Court should evaluate the merits before dismissing on procedural grounds. The Court may not do so. "Whether a federal habeas petition is time-barred must be resolved before considering other procedural issues or the merits of any habeas claim." *Hale v. Shinn*, No. CV-18-04523, 2021 WL 1530090, at *4 (D. Ariz. Apr. 19, 2021) (citing *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002)). Accordingly, the statute of limitations is dispositive of this case.

### C. Motion to Strike

Respondent's Motion to Strike Petitioner's Sur-reply is denied as moot. Although Petitioner's sur-reply further explains his objection based on lack of access to legal assistance or case law, it is not material to the outcome. As noted above, the resources Petitioner could access appear to inform him of the AEDPA limitations period. The sur-reply does not allege facts showing extraordinary circumstances that made it impossible for Petitioner to file a federal habeas petition for over twenty years. As the filing is immaterial to the outcome of the case, Respondent's motion is denied as moot.

**CONCLUSION**

Because Petitioner filed his habeas petition beyond the AEDPA limitations period, and because he is not entitled to statutory or equitable tolling, his federal habeas petition is barred. Accordingly,

**IT IS HEREBY ORDERED** adopting the Report and Recommendation (Doc. 10).

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 14) is **DENIED** as moot.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 9th day of December, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge